IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Lewis Bailey, #306447           )        C/A NO:_____
                                )
         Plaintiff,             )
                                )
v.                              )        COMPLAINT AND DEMAND
                                )        FOR JURY TRIAL
John Ozmint, Director of The    )
South Carolina Department of    )
Corrections, and Tim Riley      )
Warden of Tyger Rver C.I..,     )
and Sgt. John Long.             )
                                )
         Defendants.            )
                                )

I. Previous Lawsuits:

   A. Have you begun other lawsuits in state or federal court
      dealing with the same facts involved in this action or
      otherwise relating to your imprisonment?
      **NO**

   B. If your answer to A is yes, describe the lawsuit in the space
      below. [If there is more than one lawsuit, describe the
      additional lawsuits on another piece of paper, using this
      outline].

      1.) Parties to this previous lawsuit

          Plaintiffs :    N/A

          Defendants :    N/A

      2.) Court:          N/A

      3.) Docket Number:  N/A

      4.) Name of Judge to whom case was assigned: N/A

      5.) Disposition:    N/A

      6.) Approximate date of filing: N/A

      7.) approximate date of disposition:    N/A

II. PLACE OF PRESENT CONFINEMENT

   A. Name of Prison/Jail/Institution: __Tyger River Correctional Inst.__

   B. What are the issues that you are attempting to litigate in the above-captioned case?

   __Vilation of Eight Amendment and Religious Land Use of Institutional Person Act 42 U.S.C.A. 2000 cc §3 (See Complaint statement of Facts)__

   C. (1) Is there a prisoner grievance procedure in this institution?  Yes __X__  No ____

   (2) Did you file a grievance concerning the claims you are raising in this matter? Yes __X__  No ____

   When __See Attached__  Grievance Number (if available) __N/A__

   D. Have you received a final agency/departmental/institutional answer or determination concerning this matter (i.e., your grievance)? Yes __X__  No __X__

   E. When was the final agency/departmental/institutional answer or determination received by you? __10/04/07__ as to Eight Amendment Claim.

   *If possible, please attach a copy of your grievance and a copy of the highest level decision concerning your grievance that you have received.*

   F. If there is no prison grievance procedure in this institution, did you complain to prison, jail, or institutional authorities?  Yes ____  No ____

   G. If your answer is YES:

   1. What steps did you take? _____

   2. What was the result? _____

III. PARTIES

*In Item A below, place your name, inmate number, and address in the space provided. Do the same for additional plaintiffs, if any.*

   A. Name of Plaintiff: __Lewis Bailey #306447__  Inmate No.: __306447__

   Address: __200 Prison Road Enoree, SC 29335__

*In Item B below, place the full name of the defendant, his official position, and place of employment in the space provided. Use Item C for additional defendants, if any.*

   B. Name of Defendant: __John Ozmint, Director__  Position: __Director of SCDC__

   Place of Employment: __South Carolina Department of Corrections__

   C. Additional Defendants *(provide the same information for each defendant as listed in Item B above)*:
   __TIM Riley Warden of Tyger River C.I.__

   __John Long, Sgt. of Tyger River C.I.__

2

## JURISDICTION AND VENUE

1.) This action arises under the Eight and Fourteenth Amendments to the United States Constitution, ( U.S. Const. Amends VIII, XIV, ), and 42 U.S.C.A.. §1983 and 2000 cc, § 3 ( Religious Land Use of Institutionalized Persons Act ).

2.) Jurisdiction is conferred on this Court under : ( 28 U.S.C.A.. §1331, 1343 (3) and 1343 (4). )..

3.) The declaratory and injunctive relief requested in this action is authorized by 28 U.S.C.A. §2201 and 2202, Rules 57, 58 and 65 of the Federal Rules of Civil Procedure ( Fed. Rules of Civil Procedure 57, 58, and 65 ).

4.) Venue is proper in the United States District Court of South Carolina pursuant to 28 U.S.C.A.. §1391.

## PARTIES

5.) Plaintiff Lewis bailey is a citizen of the United States of America, a resident of the city of Enoree, County of Spartanburg, State of South Carolina, and at all times material to this action was, a prisoner in the Tyger River Correctional Institution, in Enoree, South Carolina, at 200 Prison Road, under custody and control of the Defendants.

6.) Defendant John Ozmint is now and at all times mentioned, the duly appointed and qualified and acting commissioner of the South Carolina Department of Corrections, and is sued in his Official and Individual Capacity.

7.) Defendant Tim Riley is now and at all times mentioned, the duly appointed qualified and acting Warden of Tyger River Correctional Institution at 200 Prison Road, Enoree, South Carolina 29335, and is sued in his Official and Individual Capacity.

8.) Defendant Sergeant John Long is now, and at all times mentioned the duly authorized, qualified and acting sergeant under the supervision of the defendants John Ozmint and Tim Riley, at Tyger River Correctional Institution,  200  Prison Road, Enoree South Carolina, 29335, and is sued in his Official and Individual Capcity.

STATEMENT OF FACTS

9.) On or About the Month of May 2007, the Plaintiff was transported to the Custoy of Defendant TimRiley at Tyger River Correctional Institution, due to his age and the mandatory requirements under SCDC policy, Plaintiff was required to attend the G.E.D. Program, also he was placed in housing Unit Nine (9); which houses inmates who also are required to attend this program that is federally funded and under the age of twenty one (21).

10.) Unit Nine (9) as other units at Tyger River C.I. does not have running water or toliets in individual cells.

11.) Plaintiff after his transfer to tyger River Correctional Institution accepted the Islamic Faith, and has continuosly practiced his faith as best as he can under the Defendants Policy and Regulations.

12.) further since this transfer to Tyger River C.I. and his Placement in Unit Nine (9); the defendants have placed Deadbolts upon each individuals cell door in the unit.

13.) Those locks stay deadbolted and officers are ordered to do walk throughs every hour under the status of security checks that are to be logged into the log books placed in the control room of the unit.

14.) This action of deadbolting is done regardless whether infractions occur by inmates, and normally when one inmate acts out all inmates in the unit are deadbolted, further this unit is classified outside any SCDC policy for inmates who are not under the age of twenty one (21).

15.) Officers neglect the needs of inmates because of this deadbolting by ignoring repeated requests to use the restroom facilities located outsiade individual cells, which leaves inmates with no other alternative but to endure pyhsical harm and disciplinary infraction violations, by choosing to have to use drinking utensils or open containers or even the florr of the cell to urinate or deficate in.

16.) On July 11, 2007, Plaintiff was deadbolted in his cell without any toilet or running water in Unit Nine (9), on A Wing.
17.) Plaintiff, waking up from sleep, seen Officer McWatters walking around on a security check and requested to use the restroom explaining that it was urgent.
18.) Officer McWatters told the Plaintiff to hold on a minute but never returned.
19.) About thirty minutes passed and Plaintiff saw sergeant John Long, talking to another inmate on the bottom tier on A-Wing.
20.) Plaintiff knocked on the door of his cell trying to get Sergeant John Long's attention, (Their is no way of communicating with the officer without banging on the door to get the officer's attention ), but was repeatedly ignored.
21.) Plaintiff in attempting to get the sergeant John Long's attention, again banged on the door of his cell, at that time sergeant John Long held up his hand and told Plaintiff to stopp banging on the door, and that he wasn't going to say it again.
22.) Sergeant John Long then left and went to the controlroom and got on the phone, (The control room can be seen from the individual cell ), .
23.) By this time Plaintiff had been waiting for an hour to use the restroom; and began to feel pains in his abdomen and lower extremities and felt himself begin to lose control of his bodily fluids and urinated.
24.) In an attempt to keep his cell from retaining the urine Plaintiff tried to urinate under his cell door, (plaintiff is housed with another inmate as are all inmates at Tyger River C.I.).
25.) Upon another walkthrough Tweny (20) minutes later sergeant John Long noticed the urine on the floor and became verbally abusive and left.
26.) Upon his return with Officer McWatters he threw paper towels at the Plaintiff and demanded the Plaintiff clean up the urine with his hands exposed to both unrine and toxic chemicals.

27.) Plaintiff advised sergeant John Long that he would clean it up with proper cleaning supplies not his hands, especially where they would be exposed if he had complied witht he order.
28.) Sergeant John Long insisted Plaintiff use his bare hands and the paper towels and bleach.
29.) Officer McWatters asked the Plaintiff if he was refusing. Plaintiff again responded in the negative that he would clean it up with proper cleaning supplies that would not expose his hannds. ( If Plaintiff had exposed his hands to the urine and bleach he would have had to eat without being able to clean his hands or the use of running water where his cell does not have either. ).
30.) at that time Plaintiff was instructed to turn around and was handcuffed and escorted to the holding cell.
31.) Plaintiff was charged disobeying a direct order and brought before a discplinary hearing officer on July 25, 2007.
32.) The discplinary Officer found Plaintiff guilty of refusing to obey a direct order and sanctioned Plaintiff to losses of hundred and eighty (180) days of telephone privileges, and ninety (90) days cell restriction, (which placed Plaintiff in a cell in unit nine (9) withour running water or a toilet under deadbolt).
33.) On august 3, 2007, Plaintiff filed an appeal: (Step1.Grievance), which was denied.
34.) On OCtober 4, 2007, Plaintiff filed a step (2) grievance to appeal the denial of his appeal to the institutional warden, Defendant Tim Riley, which was denied by General Counsel.

VIOLATION OF U.S.C.A. 42 §2000cc §3
RELIGIOUS LAND USE OF INSTITUTIONALIZED PERSONS ACT

35.) On March 24, 2008, Plaintiff filed a grievance for denying him the right to grow a beard in accords to his Islamic Faith.
36.) That the Defendant's own policy and regulations under G.A. 1.01 "Policy Statement", stipulate: that all agency policy **will** comply with applicable State, Federal and Local Statutes and case law.

37.) ....Policy O.P. 22.13 "Inmate Grooming Standards", section 1.1 page 2, requires male inmates to be clean shaving at all times.

38.) The defednants aver that such policy regulation is designed to ensure the safety and well being of the public, Institution, Employees and Inmates.

39.) The Plaintiff contends that such regulation is in violation of the Religious Land Use of Institutionalized Persons Act, 42 U.S.C.A. 2000 cc §3.

40.) that if Plaintiff refuses to comply with O.P. 22.13, "Inmate Grooming Standards" he will be subjected to long durations of segregation and loss of privileges and work credits, and the use of canteen, added work details, reclassification and termination of schooling and education programs.

41.) Plaintiff avers that such policy is not uniformily enforced in all institutions.

42.) That such policy is an abritray applicationwith disregard to State and Federal Law.

43.) that such Policy and regualtion is not the " Least Restrictive Means in Furthering or Ensuring the Defendants Objective in Safety and Security of the Public, Institutions, Employees and Inmates ".

44.) The Plaintiff admits that there is no controversy that SCDC has a compelling interests in security issues.

45.) However the interests is not in accords with State and Federal Law, Specifically 42. U.S.C.A. 2000 cc §3.

WHEREFORE, Plaintiff requests that this Honorable Court grant the following relief:

    A. Issue a declaratory judgment stating that:
        1.) That the actions of the defendants and their subordinates, in deadbolting inmate Lewis Bailey in an individual cell without use of running water or a toliet, with forced expectation of requiring the inmate to clean up bodily fluids that he was forced to release, with his bare hands constitutes a deprivation of a basic need under the Eight Amendment of the United States Constitution.

    2.) That OP. 22.13 " Inmate Grooming Standards Policy",
is in violation of the Religious Land Use of Institutionalized Persons Act, 42. U.S.C.A. 2000cc §3/

    3.) That section 1.1. page 2 of O.P. 22.13 "Inmate Grooming Standards", is not the least restrictive means in compelling the Defendant's Interest in security.

B. Issue an injunction ordering that the defendants:

    1.) Immediately cease deadbolting inmates in individual cells in Unit Nine (9) that do not have toilets or running water.

    2.) Immediately cease classifing inmates in unit Nine (9) under regulations that are arbitrary to SCDC Policy where disciplinary infractions have not occurred.

    3.) Immediately carry out without delay the necessary changes to Policy O.P. 22.13 "Inmate Grooming Standards" to comply with any directives this Honorable Court deems fit to comply with 42 U.S.C.A. 2000§3.

c.) Grant such other relief as it may appear that Plaintiff is entitled.

DATE: April 14, 2008
Respectfully Submitted
S/

*Lewis Bailey*

Lewis Bailey #306447
Tyger River Correctional Inst.
200 Prison Road
Enoree, SC 29335


I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.